OPINION OF THE COURT
Sol R. Dunkin, J.
In this action which, inter alia, seeks specific performance of a contract for interior decoration, defendants move for summary judgment.
In response to plaintiff’s radio advertisement defendants contacted the plaintiff by telephone and on May 12, 1982, one Marvin Wolff, a principal of the plaintiff corporation, met with defendants at their home at which time they executed a contract for interior decoration. Defendants paid a cash deposit of $1,000 and Mr. Wolff left with one antique picture and one couch cushion. Defendants state that they canceled the contract by telephone on May 14, 1982 and that repeated requests to have plaintiff return the deposit and the items of personalty were unavailing. On May 26, 1982, defendants’ attorney wrote to plaintiff renewing the request. The instant action was commenced in June, 1982. Defendants counterclaim, inter alia, for the return of their deposit and personalty and for attorney’s fees.
Defendants premise their motion on article 10-A of the Personal Property Law, the “Door-to-Door Sales Protection *1097 Act”. Plaintiff asserts that the statute is not applicable. The court disagrees with plaintiff’s contention. Subdivision 1 of section 426 of the Personal Property Law defines “door-to-door sale” as a sale of consumer goods or services “in which the seller * * * personally solicits the sale, including those in response to or following an invitation by the buyer, and the buyer’s agreement or offer to purchase is made at a place other than the place of business of the seller.” The facts here fit within that definition. Plaintiff next contends that the statute does not apply since the purchase price was not to be made in installments. The 1976 amendment to section 426 of the Personal Property Law however removed from the definition of the formerly entitled “Home solicitation sale” the element that payment of the purchase price was to be deferred over time. Thus plaintiff was required to comply with section 428 of the Personal Property Law by providing defendants with statements both oral and written of their rights to cancel. Further, the buyer’s time to cancel did not begin to run until the seller’s compliance with the section and cancellation until then was permitted “in any manner and by any means”. (Personal Property Law, § 428, subd 2.)
It appears to be plaintiff’s position that since interior decorating perforce takes place in the home, it places the business of interior decoration outside the purview of the statute. The court does not agree. Those transactions which do not constitute a door-to-door sale are specifically excepted in section 426 of the Personal Property Law. Plaintiff’s business is not among those. Nothing contained in the opposing papers is sufficient to raise a triable factual issue.
Accordingly, the motion is granted dismissing the complaint. Summary judgment is granted on defendants’ counterclaim to the extent that plaintiff is directed to forthwith return the $1,000 deposit and the items of personalty taken from defendants’ residence. Defendants are further awarded $100 plus reasonable attorney’s fees and costs, including motion costs (Personal Property Law, § 429, subd 3; CPLR 8106, 8202). The parties are directed to place the issue of the appropriate amount of the attorney’s fee on the inquest calendar.